RECEIVED
BY MAIL

JUL 1 4 2020

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Case Type: TCPA

---

Chester C. Graham,

    Plaintiff,

v.

National Web Design LLC,

    Defendant.

**Court File No.**   20-cv-1575 SRN/BRT

**Jury Trial Demanded**

---

## COMPLAINT

---

## Preliminary Statement

1. Plaintiff brings this action to enforce the Telephone Consumer Protection Act of 1991 (TCPA), 27 U.S.D. § 227, a private attorney general, strict liability act, and the Pallone-Thune Telephone Robocall Abuse Criminal Enforcement and Deterrence Act (TRACED), Pub. L. No. 116-105 (12/30/2019), and regulations issued thereunder by the Federal Communications Commission (FCC) at 47 ¶ 64.1200, all federal statutes and regulations enacted in response to widespread outrage about the proliferation of intrusive nuisance telemarketing robocalls.

2. Consumer complaints about abusive robocalls prompted Congress to pass the TCPA in 1991. See *Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 744 (2012).

SCANNED CK

JUL 1 4 2020    1

U.S. DISTRICT COURT ST. PAUL

3. Nevertheless, in 2017, the FCC received 7,157,370 consumer complaints regarding robocalls, an increase of 2,000,000 from the prior year.

4. 8 billion robocalls were made in the United States in the final quarter of 2018 – 32 billion for all of 2018.

5. In Minnesota the number of robocalls doubled in 2018 – the average Minnesotan receiving 8 a month – for a total of 45 million robocalls in 2018. See STAR/TRIBUNE, Dec. 20, 2018, p. A1.

6. In 1991 – 25 years ago – Congress determined legislation was needed because telemarketers operating interstate were escaping state prohibitions on intrusive nuisance robocalls.

**Telephone Consumer Protection Act 47 U.S.C. § 227**

**The TCPA Prohibits Automated Telemarketing Calls And Texts[1]**

7. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). See 47 U.S.C. § 227(b)(3).

---

[1] FCC ENFORCEMENT ADVISORY DA 16-1299 November 18, 2016: " . . . the restrictions on making autodialed calls to cell phones encompass both voice calls and texts."

9. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, robocalls are prohibited because, as Congress found, automated and prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10. The FCC also recognized that 'wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." See *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd., 1414, 1415 ¶165 (2003).

11. In 2013 the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

12. Specifically, the FCC ordered:

"[A] consumer's written consent to receive telemarketing robocalls must be signed and sufficient to show that the consumer (1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. [] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]["

*In re the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,*27 FCC Rcd. 1830, 1844 (2012)(footnotes omitted).

3

**Jurisdiction and Venue**

13.   This Court has subject matter jurisdiction over claims under the
TCPA. See *Mims. v. Arrow Fin. Servs.*. *supra.*

14.   Venue in this Court is proper pursuant to 28 U.S.C.  § 1391(B)(2)
because a substantial part of the events or omissions giving rise to this
claim occurred in this district, namely the Defendant contacted the
Plaintiff in this District and the Plaintiff resides in this District.

**Parties**

**Plaintiff**

15.   Chester C. Graham ("Plaintiff") is a senior citizen who at all times
relevant hereto resided in the City of Northfield, County of Rice, the
State of Minnesota and had a cell telephone with a number ending in
9014 which has been on the National Do Not Call Registry of the Federal
Trade Commission (FTC) since March 11, 2020.

**Defendant**

16.   National Web Design LLC ("Defendant") is a Wyoming limited liability
corporation with a principal office at 109 E 17th St Ste. 430, Cheyenne
WY 82001-4543; Tel. (877) 345-8922.

17.   Registered Agents of Wyoming LLC, 400 E 20th St, Cheyenne WY
82001 is the Defendant's Wyoming Registered Agent.

18.   The Defendant does not have a Minnesota Registered Agent.

19.   The Defendant's website states it was "founded to help businesses broaden their income base and at the same time, provide online entrepreneurs the opportunity to create their own websites."

20.   Despite Plaintiff's being on the FTC National Do Not Call Registry, beginning in March of 2020, Defendant repeatedly called Plaintiff's cellphone.

21.   All Defendant's calls were made willfully and intentionally using an automatic telephone dialing system ("ATDS") and an artificial and/or prerecorded voice – except when noted otherwise - sending messages similar to:

**Hello, This is a courtesy invitation to work with Amazon and make up to $300 a day. It is called the Amazon Affiliate Program. You control your schedule working from home. No experience of any kind is needed. Verify the program by visiting Amazon directly at www.affiliate-program.amazon.com. Again, that is affiliate dash program dot Amazon dot com. After verifying the website call to learn more how you can join: (213) 712-8388. Again, to learn more call (213) 712-8388.**

## FIRST ROBOCALL:

22.   Monday, March 9, 2020, at 3:14 pm Defendant called Plaintiff's cell telephone and left a telemarketing message similar to the one detailed in Paragraph 20, *supra.*

## SECOND ROBOCALL:

23.   Monday, March 9, 2020 at 5:11 pm Defendant called Plaintiff's cell telephone and left the following text message:

**Mon. March 9 2020 5:11 pm From: 67076 ½ We have received your request for additional information regarding the Amazon Associate Program**

## THIRD ROBOCALL:

24.   Monday, March 9, 2020 at 5:11 pm Defendant willfully and

intentionally using an ATDS called Plaintiff's cell telephone and left the

following text message:

**2/2 A representative will be calling today from the number 206 279-6110. Please make every effort to be available when you are called as call volume is very high. Thank you in advance.**

25.   Monday, March 9, 2020, at 7:40 pm a live person called Plaintiff's cell

telephone and offered Plaintiff an opportunity to become a partner with

Amazon working in his home.

26.   The Caller ID feature on Plaintiff's cell telephone showed the number:

(619) 770-8132.

27.   Plaintiff declined the offer and terminated the conversation.

## FOURTH ROBOCALL:

28.   Wednesday, April 1, 2020, at 4:46 pm Defendant called Plaintiff's cell

telephone and left a telemarketing message similar to the one detailed

in Paragraph 20, *supra,* instructing the Plaintiff to call (506) 501-5899.

29.   Plaintiff called that number and was told: "New Brunswick is outside

your service area."

**FIFTH ROBOCALL:**

30.    Tuesday, April 7, 2020, at 3:52 pm Defendant called Plaintiff's cell
       telephone and left a telemarketing message similar to the one detailed
       in Paragraph 20, *supra,* instructing Plaintiff to call (506) 501-5899.

31.    Plaintiff called (506) 501-5899 and a recorded voice told Plaintiff,
       "You have insufficient funds remaining to place . . . ." and Plaintiff
       terminated the call.

**SIXTH ROBOCALL:**

32.    Thursday, May 7, 2020, at 3:27 PM Defendant called Plaintiff's cell
       telephone and left a telemarketing message similar to the one detailed
       in Paragraph 20, *supra,* and instructed the Plaintiff to call (213)
       712-8388.

33.    The Plaintiff called (213) 712-08388 and left his cell telephone
       number ending in 9014.

34.    Thursday, May 7, 2020, at 5:17 pm Plaintiff received a call on his cell
       telephone from a live person who stated he was calling from "National
       Web Design" and invited Plaintiff to go on a website and view a
       4-minute video on "partnering with Amazon" and offered to build
       Plaintiff a website for the purpose of partnering with Amazon and
       provide "support service" for that purpose for $200.

35.   Plaintiff asked the name of the company and where it was located and the person said it was "National Web Design" and they had offices in Seattle WA, San Francisco CA and Cheyenne WY.

36.   Plaintiff told the caller that National Web Design had been robocalling the Plaintiff in violation of the TCPA and the person terminated the call.

## SEVENTH ROBOCALL: called Plaintiff's cell telephone

37.   Saturday, May 23, 2020, at 5:25 pm, Defendant called Plaintiff's cell telephone and left a telemarketing message similar to the one detailed at Paragraph 20, *supra,* and instructed Plaintiff to call (213) 712-8388.

38.   Plaintiff called (213) 712-8388 and received a recorded message inviting him to become an Amazon Partner and offering to build a website and provide support services.

## EIGHTH ROBOCALL:

39.   Friday, May 29, 2020, at 3:29 pm, Defendant called Plaintiff's cell telephone and left a telemarketing message similar to the one detailed at Paragraph 20, *supra,* and instructed Plaintiff to call (213) 712-8388.

## NINTH ROBOCALL:

40.   Monday, June 15, 2020, at 6:17 pm, Defendant called Plaintiff's cell telephone and left a telemarketing message similar to the one detailed at Paragraph 20, *supra*, and instructed Plaintiff to call (213) 712-8388.

## TENTH ROBOCALL:

41.   Tuesday, July 8, 2020, at 12:12 pm, Defendant called Plaintiff's cell telephone and left a telemarketing message similar to the one detailed at Paragraph 20, *supra,* and instructed Plaintiff to call (213) 712-8388.

42.   Plaintiff called (213) 712-8388 and received a message inviting Plaintiff to become an Amazon Associate and to build a website for that purpose and provide support services.

43.   Plaintiff has not given Defendant signed prior express written consent in writing to place telemarketing robocalls to his cell telephone, i.e. using an ATDS and/or an artificial or prerecorded voice.

44.   All of the ten (10) robocalls Defendant made to Plaintiff were telemarketing calls in the meaning of the TCPA.

45.   Plaintiff did not and has never had a business or customer relationship with the Defendant.

46.   Defendant's ten (10) robocalls violated Plaintiff's privacy, tied up Plaintiff's cell telephone rendering it unavailable to legitimate communication depleting Plaintiff's cell phone's battery.

### Federal Trade Commission - National Do Not Call Registry

47.   Plaintiff has been on the do not call registry maintained by the FTC since March 11, 2020.

48.   Nine of the ten robocalls Defendant made to Plaintiff were made subsequent to the Plaintiff being on the registry.

### National Do Not Call Registry Policy Requests To Defendant

49.   The regulations issued by the FTC under the TCPA require a telemarketer to maintain a written policy regarding the do not call registry and supply that policy upon demand. See 47 CFR ¶64.1200(d)(1).

50.   Violations of those regulations are violations of the TCPA. See 47 TCPA § 227)b)(3).

### Plaintiff's Do Not Call Registry Policy Requests To Defendant

51.   March 10, 2020, March 25, 2020, May 7, 202, May 25, 2020, June 16, 2020 and July 8, 2020 Plaintiff Defendant requested its policy regarding the do not call registry maintained by the FTC by letters sent 1st Class U. S. Mail -  USPS Certificates of Mailing were obtained for all the policy request letters.

52.     To date Plaintiff has not received a copy of Defendant's policy
        regarding the do not call registry and none of his letters of request have
        been returned as undeliverable.

## Count One

## Violations of § 227(b)(1)(A)(iii) of the TCPA

53.     Plaintiff restates and incorporates by reference the statements in
        Paragraphs 1 - 52, *supra*, as if set fully forth herein.

54.     Defendant's ten (10) telemarketing robocalls to Defendant's cell
        telephone willfully and intentionally using an ATDS and an artificial
        and/or prerecorded voice violated § 227(1)(1)(A)(iii) of the TCPA and
        the Defendant is liable for treble statutory damages imposed by §
        227(b)(3) in the amount of $15,000.

## Count Two

## Violations of 47 CFR ¶64.1200(d)(1)

55.     Plaintiff restates and incorporates by reference the statements in
        Paragraphs 1 - 54, *supra,* as if fully set forth herein.

56.     Defendant did not send Plaintiff a copy of its policy regarding the FTC
        do not call registry despite Plaintiff sending six (6) requests and violated
        47 CFR ¶64.1200(d)(1) six (6) times and is liable for treble statutory
        damages imposed by § 227(b)(3) in the amount of $9,000.

## Demand For Judgment

57.    Plaintiff Chester C. Graham requests an Order of this Court declaring:

(A)    Defendant National Web Design LLC knowingly and willfully violated § 227(b)(1)(A)(iii) of the TCPA ten (10) times and 47 CFR ¶64.1200(d)(1) sic (6) times and is liable under § 227(b)(3) of the TCPA for treble damages in the amount of $24,000.

(B)    Ordering Defendant National Web Design LLC to pay Plaintiff Chester C. Graham $24,000.00.

Date: July 9, 2020        Chester C. Graham

Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue #214
Northfield MN 55057-1699
Telephone: (507) 403-9014
chester474@gmail.com