## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Chester C. Graham,

    Plaintiff,

v.

National Web Design LLC,

    Defendant.

Civ. No. 20-1575 (KMM/BRT)

**REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION**

Chester C. Graham, *pro se* Plaintiff.

BECKY R. THORSON, United States Magistrate Judge.

  This matter is before this Court for a Report and Recommendation on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Plaintiffs' Complaint be dismissed without prejudice for lack of prosecution.

## BACKGROUND

  On April 11, 2022, the Court issued an Order finding that Plaintiff had not demonstrated service was effective in this case, and therefore also finding good cause to set aside the Clerk's November 12, 2021 Entry of Default. (Doc. No. 20.) In that Order, the Court outlined what additional steps Plaintiff would need to take to move this litigation forward and stated that if he failed to do so this case would be dismissed without prejudice for failure to prosecute. (*Id.*) Specifically, the Court ordered the following:

1.      The Clerk's Entry of Default [ECF No. 17] is **SET ASIDE**.

2.      **On or before May 12, 2022**, Mr. Graham must take additional steps to move the litigation forward as set forth in this Order, failing which his case will be dismissed without prejudice for failure to prosecute. To comply with this Order, Mr. Graham must do one of the following:

> a. Mr. Graham may complete a new USM Form 285, including accurate information for the U.S. Marshals Service to complete service of the summons and complaint on NWD. If Mr. Graham chooses this option, he must file the newly completed USM Form 285 with the Clerk of Court. At the same time he must file a letter explaining to the Court the reasons he believes that the information he included on the form will allow the U.S. Marshals Service to effectively serve NWD.

> b. Alternatively, if Mr. Graham does not believe that he has the information needed for the U.S. Marshals Service to effectively serve NWD, he must file a letter in which he: (1) advises the Court of that belief; (2) explains what efforts he has undertaken since filing this case to obtain accurate information for NWD to be served; and (3) states what steps he intends to take to obtain such information and estimate how long he believes he will need to do so.

> c. Finally, if Mr. Graham believes that the Court's observations in the January 21, 2022 Order regarding the deficiencies in Mr. Graham's proof of service are incorrect, or that the U.S. Marshals Service has already effectively served NWD, he must file a letter in which he: (1) advises the Court of the reasons he believes service has already been accomplished; and (2) cites to appropriate legal authority supporting such a proposition.

(Doc. No. 20.)

As of the date of this Report and Recommendation, Plaintiff has not made any filings as was instructed in the Court's April 11, 2022 Order.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines,*

*Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that, based on the

sequence of events in this case and Plaintiff's lack of compliance with this Court's

April 11, 2022 Order, Plaintiff's case should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court
> order, a defendant may move to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a dismissal under this
> subdivision (b) and any dismissal not under this rule—except one for lack
> of jurisdiction, improper venue, or failure to join a party under Rule 19—
> operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Rule 41(b)

for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467

F.3d 1120, 1121 (8th Cir. 2006). Here, Plaintiff has failed to comply with the Court's

April 11, 2022 Order. The Order apprised Plaintiff that failure to comply would result in

dismissal of his case. Based on Plaintiff's failure to comply with the Court's Order, this

Court recommends that this action be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated, and based on the file, records, and submissions therein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED WITHOUT**

**PREJUDICE** and judgment be entered accordingly.

Date:  May 27, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).